MUSICK AND WIFE V. RICHARDSON.

Error to the Circuit Court of St. Louis county.

A died possessed of certain lands, which, by order of the circuit court, were directed to be sold, and the proceeds distributed among the representatives of deceased. By agreement among the representatives, deft. who had married one of the daughters of deceased, became the purchaser of the land, and was to sell the same for the benefit of all the representatives, Deft. in pursuance of this agreement sold the land to one J. Held, that under this state of facts, an action of assumpsit for money had and received could be maintained against deft. in favor of plaintiffs, representatives in part of deceased, for their distributive share of the proceeds.

Opinion of the Court delivered by Tompkins Judge.
Musick and wife brought their action of assumpsit in the

NOV. TERM
1839.

Musick and
wife.
vs.
Richardson.

circuit court against Richardson, where judgment being given against them they appealed to this court.

The facts of the case preserved in the bill of exceptions and material to be considered are these:

William Jamison of St. Louis died possessed of certain lands which by order of the circuit court of St. Louis county were directed to be sold and the proceeds of the sale to be distributed among the representatives of the deceased.— By agreement among the representatives of the deceased. Richardson, who had married one of the daughters of the deceased, became the purchaser of the land, which, by said agreement, was to be sold by him at a convenient time for the benefit of all the representatives of the deceased, Musick had married Phœbe one of those representatives, no consideration was proved other than that necessarily and naturally arising from the contract.

Richardson afterwards coveyed this land to William G. Pettis in order to secure a debt due to George Collier, and afterwards sold the same land to John M. Jamison, one of the representatives, subject to the encumbrance above mentioned. The purchaser agreeing to pay to the other representatives of William Jamison their respective portions of the purchase money. In pursuance of this agreement *betwixt* Richardson and John M. Jamison, said Jamison executed to Music a note for the portion of the purchase money which was due to Musick in right of his wife, and this contract betwixt Richardson and Jamison being afterwards rescinded, Musick delivered up to Jamison the note which Jamison had as above mentioned made and delivered to him, and it was cancelled.

Some time after Richardson again sold the land to Jameson on the same conditions. Soon after this second purchase, Jamison informed Musick, plaintiff in the circuit court and appellant here, of the purchase and the terms and withal promised to pay him the part of the purchase money due in right of his wife. Musick did not then make any objection but soon afterwards informed Jamison he would not take him for the money but would look to Richardson and no other person, for his wife's portion. It was proved that

NOV. TERM 1839.

Musick and wife vs Richardson.

John M. Jamison after the second purchase made by him had paid all the representatives their portions except Musick. On this evidence the court instructed the jury that there was no evidence of any money had and received by the defendant to the use of the plaintiff, upon which this action can be sustained. The instruction was excepted to and a new trial prayed because of the instruction given.

It is clear that Richardson had sold the land and if he did not receive money he ought to have received it, for it does not appear that he sold on a credit; had he sold on a credit the representatives must certainly have waited till he could collect. But it appears that money was collected, and that five out of six of the representatives had received their share. Music and wife were certainly entitled to their distributive share of the part collected, even if a credit had been given for the rest. But this is not pretended. It remains then only to enquire whether Richardson can extricate himself from the responsibility he had incurred by undertaking to sell this land for the benefit of himself and the other representatives of the deceased by sending John M. Jamison his vendor to tell Musick of the second sale of the land by Richardson to himself, and to promise to pay Musick and wife their share of the purchase money. To state the case, is of itself, a sufficient answer to the enquiry.—When a man makes himself liable to pay money he must either pay it, or give something else which the payee accepts in satisfaction, or he must be released from his liability by writing under seal; it is not in evidence that Musick even assented to take the promise of Jamison as satisfaction of Richardson's liability. The circuit court then in my opinion committed error in giving that instruction to the jury and should therefore have granted a new trial. Its judgment is therefore reversed and the cause remanded.

A died possessed of certain lands, which, by order of the circuit court, were directed to be sold, & the proceeds distributed among the representatives of deceased. By agreement among the representatives deft. who had married one of the daughters of deceased, became the purchaser, of the land, and was to sell the same for the benefit of all the representatives. Defendant, in pursuance of this agreement sold the land to one J. Held that under this state of facts an action of assumpsit for money had and received could be maintained against deft. in favor of plaintiffs, representatives, in part, of deceased, for their distributive share of the proceeds.