*77
 
 Peaesof, C. J.
 

 At any time before creditors have obtained a lien on bis property, a debtor is allowed to malee a preference and to devote his property to the satisfaction of one or more of his creditors to the entire exclusion of others, and although a deed, conveying the property to a trustee, necessarily has the effect “ to hinder and delay creditors,” still it is not considered fraudulent, prqvided it be made with a single eye to the honest exercise of this right of making a preference, and without any stipulation or intent that it shall inure, in any way, either directly or indirectly,
 
 to the benefit of the
 
 debtor, for any such stipulation or intent, whether expressed in the deed, or to be inferred from circumstances, “ taints it with fraud.” This Court has not, before the present case, been called on to decide whether a stipulation, giving a preference to such of the creditors as will, on receiving one half of their debt, execute a release as to the other half,, falls within the application of the general principle. But from the numerous cases, in which the principle lias been stated and applied, among others,
 
 Hafner
 
 v. Irwin, 1 Ired. Rep. 496;
 
 Kissam
 
 v. Edmonston, 1 Ire. Eq. 180, it follows, as a matter of course, that a stipulation of this kind does fall within the prohibition of the principle, and does “ taint the deed with fraud,” because it is for the benefit of the debtor. Creditors are at liberty to make a composition, and upon receiving a part, may release the residue, but a debtor is not at liberty to pervert his right to make a preference into a means of coersion, or use it as a bribe, whereby to secure a benefit for himself. Accordingly, we find it settled by many cases in our sister States, where the point was directly presented, that a stipulation of this kind vitiates a deed of trust;
 
 Grover
 
 v.
 
 Wakeman,
 
 11 Wendall, 189;
 
 Ingraham
 
 v. Wheeler, 6 Conn. Rep. 297;
 
 Atkinson
 
 v.
 
 Jordan,
 
 5 Hammond, 293;
 
 Brown
 
 v.
 
 Knox,
 
 6 Missouri Rep. 302, and others, cited on the argument. In short, it could not be held otherwise, without running counter to the whole current of decisions in our reports, and those of the other States in respect to deeds of trust.
 

 It was then insisted, that by the deed under consideration,
 
 *78
 
 this stipulation is confined to the “fourth class” of creditors, and the deed may be void in respect to the trust declared in their favor, but remain valid as to the others. There is ground to contend, that by a proper construction, this stipulation extends also to the “first class” of creditors, whose debts, if need be, are “ to be scaled
 
 in lil&e
 
 mmvn&r.” But, waiving this view of it, the stipulation being expressed, in the face of the deed, the trustee, and all the creditors, who are presumed to have accepted the deed, by claiming to take benefit under it, are fixed with a complicity and concurrence as
 
 partieeps criminis
 
 in this unlawful intent of the debtor, to impose terms on some of the creditors, and secure a benefit to himself; so that this fraudulent intent pervades the whole, and spoils all; like one rotten egg broken into the same bowl with many good ones.
 

 Whether a deed, which is void on account of fraud in respect to some of the trusts declared, may not, under certain circumstances, be valid to pass the title, and support trusts declared in favor of other creditors, is a question of much difficulty, and about which there is, seemingly, a conflict of the cases. See
 
 Brannock v.
 
 Brannock, 10 Ired. Rep. 428;
 
 Hafner
 
 v. Irwin,
 
 sup.
 
 Eor instance, suppose a debtor has a
 
 secret
 
 understanding with some of the creditors that he will insert their debts in the trust, provided they will only claim one half, and release the residue; or suppose the debtor, without the privity of the trustee, or the creditors, inserts a
 
 feigned
 
 debt, with an intent that the supposed creditor shall draw the amount, and hold it on a secret trust for him: does this avoid the deed
 
 i/n toto?
 
 On the argument of this case, this was the point mainly discussed, but we are relieved from the necessity of deciding it, because the fact, that the stipulation is set out in the face of the deed, fixes the trustee and all the creditors, claiming benefit under it, with a concurrence in this unlawful intent,.and thus makes the deed void
 
 in toto.
 
 Eor this view of the case, wé are indebted to Judge Roefin, who conferred with us as one of the Court, at our last June term.
 

 It was also insisted on the part of the plaintifis that, admit-
 
 *79
 
 ting a creditor might have treated the deed as void
 
 in toto,
 
 as against the trustee, and the creditors claiming under it, it was otherwise in respect to the plaintiffs who claim under a purchaser at public sale, made by the trustee for a full and valuable consideration, and without notice of an alleged fraud.
 

 We will not enter upon the question how far a purchaser from the trustee, for valuable consideration, and without notice, may be entitled to protection, in a case where the fraud does not appear on the face of the deed, but is an open question of fact for a jury, or is to be adjudged by the Court upon the finding of a fraudulent intent by the jury upon the distinction pointed out in
 
 Hardy
 
 v.
 
 Simpson,
 
 13 Ired. Rep. 132, because ours is a case of fraud, manifest on the deed, to be adjudged as matter of law by the Court, and with which the jury has nothing to do. It is settled that a purchaser is presumed to know the contents of the deed under which he derives his title, and is fixed with notice of every condition, provision, stipulation, and other matter therein set out. So, the person under whom the plaintiffs claim, must be taken to have bought with full notice of the stipulation which makes this deed fraudulent, as a matter of law; consequently, they do not stand in this Court as innocent purchasers, but take the title tainted with fraud. Indeed, it was owing to the circumstance that the person to whom the title was assigned in trust for them, happened to be the debtor and the defendant in the execution, that this Court acquired jurisdiction, otherwise, the alleged fraud was a subject fit for investigation in a court of law;
 
 Giles
 
 v. Palmer, 4 Jones’ Rep. 386, and that circumstance does not at all affect the merits of the case.
 

 Bee Cueiam, Let the bill be dismissed.