John C. Bridges and Alex. P. Woods, *vs.*
Moses G. Hindes and John F. Davis, Garnishees of Stephen George, Jr.

A deed of trust for the benefit of creditors, which devotes the funds to pay in full, if sufficient, and ratably, if insufficient, all the creditors of the grantor who shall execute releases, and the *balance, if any, to be paid over to the grantor*, is void, because of the reservation in favor of the grantor.

A deed of trust for the benefit of creditors, conveying "all and singular the goods, wares, merchandise, chattles, effects, rights and credits of every kind and description" belonging to the grantor, "and all debts and sums of money due, owing and payable to him, and all books of accounts, bonds, bills and choses in action, evidences or vouchers touching or concerning the same, and all *estate and interest*, use, trust, claim and demand whatsoever of" the grantor "in, unto and out of *all the said property and premises*," is void, because it does not convey all *the property and estate* of the grantor.

Deeds of trust for the benefit of creditors, when defective, are void in law and inoperative, and the property remains in the grantor; if such a deed is void on its face, it cannot be made good by matter subsequent.

APPEAL from the Superior Court of Baltimore City.

*Attachment* on judgment issued on the 16th of Feb. 1855, by the appellants against George, and laid in the hands of Hindes and Davis, as garnishees, who appeared and pleaded *nulla bona*.

*Exception.* The judgment was admitted, and the funds attached were in the hands of the garnishees, under two deeds from George to them, dated the 2nd and 5th of August 1854.

By the first deed, the grantor, George, conveys to Hindes and Davis, "their executors, administrators and assigns, all and singular the goods, wares, merchandise, chattels, effects and property of every kind and description, of or belonging to the said" grantor, "and the avails and proceeds of the sales of the same and every or any part thereof, and also all debts and sums of money due, owing or payable to the said" grantor, "and all bonds, bills, notes, books of account, evidences and vouchers touching or concerning the same," *in trust*, to sell and collect the same, and to apply the proceeds to pay expenses and commissions, and certain specified debts

in full, and then "to the payment, satisfaction and discharge of the just claims of all other creditors of the said Stephen George, Jr., that is to say, ratably and proportionably if the fund be insufficient to discharge the whole, or to the payment in full of all such claims, if the funds be sufficient for that purpose, to all those who will, within three months, sign a good and sufficient release to the said' Stephen George, Jr., and the balance or surplus, if any may remain, to pay over to the said Stephen George, Jr., or his legal representatives."

By the second deed, the grantor conveys to the same trustees, "their executors, administrators and assigns, all and singular, the goods, wares, merchandise, chattels, effects, rights, and credits of every kind and description, and wheresover situate and being, of or belonging to the said Stephen George, Jr., and all debts and sums of money, due, owing and payable to him the said Stephen George, Jr., and all books of accounts, bonds, bills, and choses in action, evidences and vouchers touching or concerning the same, and all estate and interest, use, trust, claim and demand whatsoever of the said Stephen George, Jr., in, unto and out of all the said property and premises." The trusts are the same as in the former deed, except that the balance, if any, that may remain after paying the releasing creditors, is to be applied "to the payment, ratably and equally, according to their respective amounts and legal priorities, of all the creditors of the said Stephen George, Jr."

The court (Lee, J.) rejected four prayers on the part of the plaintiffs, to the effect that these deeds were void as against them, and that they were entitled to recover.· To this ruling the plaintiffs excepted, and the verdict and judgment being against them, appealed.

The cause was argued before Le Grand, C. J., Tuck and Bartol, J.

*Geo. W. Dobbin* for the appellants:

The first deed is void absolutely as against the *Statute of Eliz.*, and not capable of confirmation, because it reserves

Bridges & Woods *vs.* Hindes & Davis, garn. of George.

the surplus to the grantor after paying the releasing creditors to the exclusion of those who do not release. 7 *Gill*, 481, *Albert & wife vs. Winn & Ross.* 3 *G. & J.*, 308, *Blessing vs. House.* 3 *Md. Rep.*, 41, *Sangston vs. Gaither.* The second deed is also void, because it is not sufficient in terms to convey a fee-simple or other estate of inheritance, its language being such as is only applicable to personal estate, and because it does not convey *all* the property, real and personal of the grantor. 14 *Md. Rep.*, 28, *Barnitz vs. Rice.* 3 *Md. Rep.*, 418, *Malcolm vs. Hodges.* 3 *Md. Rep.*, 35, *Green vs. Trieber. Ibid.*, 41, *Sangston vs. Gaither.* 2 *Maule & Selw.*, 448, *Hick vs. Dring.* 15 *Mees. & Wels.*, 450, *Haw vs. Earles. Litt. Tenures,* sec. 1. 2 *H. & J.*, 235, *Hollingsworth vs. McDonald.* In order to defeat this attachment, the second deed must be good in itself. It can derive no aid from the first deed. You cannot take a void deed and add it to a void deed and make a good one out of them.

*Thos. M. Lanahan* and *Chas. H. Pitts* for the appellees:

The two deeds are to be construed together in reference to the amount of property conveyed to the trustees. If the language of the first reserves the surplus to the grantor after paying the releasing creditors, it is covered by the second, which devotes that surplus to the creditors generally. But it is a well established rule of construction in the interpretation of deeds that they are to be construed as strongly as possible against the grantor, and we hold that the language of the first of these deeds does not reserve the surplus, after payment of the preferred creditors, but devotes it to the general creditors. 3 *H. & J.*, 334, *Buchanan vs. Stewart.* 15 *Johns.*, 571, *Murray vs. Riggs.* In *Malcolm vs. Hodges,* 8 *Md. Rep.*, 418, this court declared that language more vague than that used in these conveyances, operated as a transfer of all the grantor's property. An assignment or conveyance of an interest *in trust* will carry a fee without words of limitation. 9 *Gill*, 261, *Spessard, et al., vs. Rohrer, et al.* 4 *Kent*, 304, 354.

TUCK, J., delivered the opinion of this court:

The appellants recovered a judgment at law against Stephen George, Jr., and sued out an attachment, which was laid in the hands of the appellees, to whom George, the defendant in the judgment, had executed two conveyances for the benefit of his creditors, one of them dated the 2nd of August 1854, and the other on the 5th of the same month. The judgment of the court below having been rendered against the plaintiffs in the attachment, they have appealed, and now contend that the first of these deeds is void because of a reservation to the grantor, and that the second is also void because it does not convey all the property and estate of the debtor.

We take it to be very clear, on the words of the deed of the 2nd of August, that it contains a reservation for the benefit of the grantor. If the funds of the trust prove sufficient all the creditors will be paid, but what will be their predicament if they prove inadequate, and some of the creditors will not release? In that event, the latter will take nothing under the deed, for the proportions that they might receive, if they assented, are reserved to the grantor, and not devoted to the creditors. The deed appears to have been made for the benefit of releasing creditors only. It provides for that which was declared to be illegal in *Malcolm vs. Hodges*, 8 *Md. Rep.*, 418, as an implication from the terms of the instrument. There nothing was said of the surplus, and because it resulted to the grantor, the deed was set aside; here it is expressly given to the grantor. There is no difference in principle between the cases in this respect.

The deed being inoperative the property remained in the grantor for the benefit of his creditors, and on the 5th of August another was executed. It is supposed that this conveys all the debtor's property, within the meaning of the decisions of this court, (see *Barnitz vs. Rice*, 14 *Md. Rep.*, 24, and cases cited,) but we think the point cannot be sustained. The enumeration is of chattels and other personal property, and all "estate and interest, &c., of the said George, in, unto

and out of all the *said property* and *premises,"* thus referring the word *estate* to the previously described property. In this respect the deed differs from that in *Malcolm vs. Hodges,* where the recital declared the purpose of the grantors to convey all their *estate* and *effects* for the benefit of their creditors, and afterwards did convey all their stock &c., &c., and "all and singular the estate and effects of the grantor, of whatsoever consisting." See, also, *Farquharson vs. Eichelberger,* 15 *Md. Rep.,* 63.

It is contended that the deeds are to be considered as one instrument, and that, so taken, they do comply with the legal requirements. It is the doctrine in this State that trust deeds of this kind, when defective, are void in law. If void on their face, how can they be made good by matter subsequent? If the last deed had conveyed all George's property, the attachment would have failed; not, however, because of any aid it would have afforded the first deed, but, because the first being void as against creditors, all the property reverted, or rather remained in the grantor, subject to his disposal for the benefit of his creditors, and was operated on by the second deed. Here the last conveyance affects only such of the property as it professes to convey—as to the rest it is wholly inoperative, and the entire deed is void.

As the prayers of the plaintiffs relate only to these questions, the rulings of the court below are reversed, as to all of them.

*Judgment reversed and procedendo ordered.*

(Decided June 13th, 1860.)