JEFFRIES *et al.*, Appellants, v. BLECKMANN *et al.*

1. **Voluntary Assignment:** DEED, CONSTRUCTION OF. A deed of assignment professing to be made for the benefit of all the creditors of the assignor, whether named or not, although reciting, by way of consideration, the release of some of the creditors, but containing

Jeffries v. Bleckmann.

no stipulation that those only who have or shall sign the release shall share in the benefits of the assignment, does not fall within the rule that a deed of assignment is void which contains a stipulation for the release of the debtor, as a condition of receiving any benefit from the assignment.

2. ———. Under our statute (W. S., p. 150, sec. 1), declaring every voluntary assignment of property to be for the benefit of all the creditors of the assignor in the proportion of their respective claims, it is unnecessary to mention the name or the amount of debt of a creditor to entitle him to a share in its proceeds.

3. ———: SALE BY ASSIGNEE WITHOUT ORDER OF COURT. The sale of property by the assignee without an order of court does not render the sale fraudulent, nor does such fact affect the validity of the deed of assignment.

4. ———: STATUTE. Where the statute relating to voluntary assignments for the benefit of creditors determines how the trust shall be administered, it will supersede details to that end contained in the deed.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*Crews & Booth* for appellants.

(1) The conveyance to Grothouse was neither more nor less than a deed stipulating and providing for the release of each member of the firm from further liability, and was fraudulent and void against all the creditors not assenting thereto. *Brown v. Knox*, 6 Mo. 302; *Bradley v. Ames*, 50 Mo. 387. If the plaintiffs had proved up their claims under the deed and accepted *pro rata* payment of the same, they would have been estopped to dispute the release. *Valentine v. Decker*, 43 Mo. 583. (2) Respondents purchased with notice of the deed to Grothouse and are, therefore, chargeable in law with notice of that which they might have learned by an examination of such deed and of all the papers referred to therein. Kerr on Fraud and Mistake (Am. Ed.)

240, *et seq.* (3) The two bills of sale, the deed of real estate and the release were executed together and constituted an entire transaction, of which each part contained a direct reference to every other part. Therefore, notice of one was notice of all said instruments. (4) No order for the sale and deeds to respondents having been made by the circuit court of Franklin county, or by the judge thereof, and no bond having been given for the sale of real estate, as required by law, it was an insufficient and invalid proceeding. The power of sale under the statute, if it ever existed, was never legally executed. See acts of 1875, p. 5, sec. 2. (5) The deed to Grothouse was not an assignment under the statute. (*a*) Because not made upon the consideration of providing for the payment of the debts of the assignors only, but upon a consideration in the nature of a contract releasing the assignors and Menkhouse from further liability for debts of the firm. (*b*) Because it was a conveyance to the assignee upon a trust inconsistent with a statutory assignment, viz. : Upon trust, to run, use and operate a mill and other property thereby conveyed. Such a conveyance, upon its face, gave notice that it could not be valid except between the assignors, the assignee, and such creditors as actually consented thereto ; and all having such notice were certainly bound to make reasonable examination as to the fact of such consent. (6) The qualification of Grothouse, and of Hibbeler and Wattenberg, as assignees of Bleckmann, Horn & Company, was not a qualification as assignees of Bleckmann & Horn alone, under the conveyance of the real estate, and, therefore, all their proceedings are, as to said real estate, void and insufficient to convey any title to the real estate.

*E. T. Farish* for respondents.

(1) The law invoked by plaintiffs has no applica-

tion to the case at bar. The deed and bills of sale, and deed of release are part and parcel of one transaction and are for the use and benefit of all the creditors of Bleckmann, Horn & Company, whether enumerated or not. There is no rule which requires all the creditors of the debtor to join in the composition; two are sufficient to make it binding, except when the composition agreement itself stipulates otherwise. *Pierson v. McCahill*, 21 Cal. 611; *Reay v. White*, 3 Tyrwh. 596; *Goods v. Cheseman*, 2 B. & Ad. 327; *Bradley v. Gregory*, 2 Camp. 383; *Steinman v. Magrues*, 1 East, 390; *Paddlefield v. Thatcher*, 48 Vert. 574; *Diermeyer v. Hackman*, 52 Mo. 282; *Renard v. Fuller*, 4 Bosw. 107; *Way v. Sanglerg*, 15 Ohio St. 392; *McKenzie v. Culbrith*, 66 N. C. 534; *Sage v. Valentine*, 23 Minn. 102; *Cutler v. Reynolds*, 8 B. Mon. 599; *Perkins v. Durflinger*, 59 Ind. 27; *Devon v. Horn*, 17 Ind. 472; *Perkins v. Lockwood*, 100 Mass. 249; *Bliss v. Shwarts*, 65 N. Y. 444; *Wheeler v. Wheeler*, 16 Vt. 60; *Citizens' Nat. Bk. v. Richmond*, 121 Mass. 110; *Mathewson v. Strafford Bk.*, 45 N. H. 104; *Wilson v. Powers*, 130 Mass. 127. (2) The conveyances were assignments with special provisions, but were for the benefit of all the creditors of the debtors, and were valid under our assignment law, so treated and carried out. That law provides a scheme for administering all such trusts, and an exclusive method. Burrill on Assignments, secs. 184, 192 and 193; *Crow v. Beardsley*, 68 Mo. 438; *Hardcastle v. Fisher*, 24 Mo. 70. (3) It was incumbent on Coleman, if he did not intend to stand by the assignment, to have taken steps in due time to set the same aside. He should not have waited until the property was sold by the assignee to an innocent purchaser. *Whitmore v. Hastings*, 51 Mo. 171. (4) There is no provision or stipulation for a release of the debtor as a condition for receiving the benefit of the deed, or any reservation of property which ought

to have been devoted to the payment of their debts, to their own private benefit or use. Such an assignment was perfectly legal and valid. Burrill on Assignments, secs. 192, 3; *Brown v. Knox*, 6 Mo. 302; *Diermeyer v. Hackman*, 52 Mo. 382.

BLACK, J.—On the second and eleventh days of December, 1875, Bleckmann, Horn & Menkhaus, partners in the milling business, under the name of Bleckman, Horn & Co., were largely indebted and were insolvent. They then made two bills of sale, one of personal property and the other of an interest in a steamboat to Grothouse. Two of the partners also made to the same person a deed of the milling property. These conveyances were all made to Grothouse in trust for their creditors. The trustee gave bond as an assignee, inventoried the property, had the same appraised, allowed demands and paid dividends thereon. He sold the real estate without an order of court to Soltrop and Schegmann for $15,345. He resigned and the circuit court appointed two other persons assignees in his stead, who received the purchase money and made a deed of the real estate to these purchasers, who were in possession when this suit was brought. These deeds, and the bills of sale are alleged to be fraudulent, as against the plaintiff, and this is a suit to set aside and cancel the same, for that reason.

The deed to the trustee was duly recorded on the third of January, 1876, and the sale of the real estate was made by the assignee on the twenty-fifth of that month. Subsequently, and in April, 1876, the plaintiff, Coleman, recovered a judgment before a justice of the peace for $12.60, a transcript of which was filed with the clerk of the circuit court upon which execution was issued and under it plaintiff purchased the real estate for $1,500. This is their title. Jeffries and Davis, the other plaintiffs, were also creditors of Bleckmann, Horn & Company, to the

amount of about one thousand dollars. They did not prove up their demand before the assignee.

1. These bills of sale, as they are called, as well as the deed to the real estate, were all executed and acknowledged, as required by the assignment law. They were all parts of the same transaction and are to be treated the same as if one instrument. They constituted a conveyance of the property, real and personal, to the trustee, absolutely, for the payment *pro rata* of all of the debts of the assignors, and were properly regarded and treated as an assignment for the benefit of the creditors. Two public meetings were held by the creditors and these documents, as well as the release hereafter mentioned, were executed as the result of their deliberations. There is no evidence of any actual fraudulent purpose whatever on the part of the assignors' trustee, or any of the creditors. If the assignment was fraudulent, it is not because of any evidence *aliunde*, but because it is fraudulent, as a matter of law, on the face of these deeds.

The contention is that the assignment is fraudulent, as to some of the creditors because the deeds require a release from creditors in order to participate in the fruits of the assignment. The three instruments are substantially the same. The title to the real estate, it would seem, was in Bleckmann and Horn, and they, with their wives, executed this deed. It recites the names of a large number of creditors of Bleckmann, Horn & Company, the execution and delivery of the two bills of sale; that said creditors had executed to the debtors a release from any and all indebtedness, and in consideration of such release and of the agreement of said creditors to surrender or destroy the evidences of such indebtedness, and of one dollar paid by the trustee, conveys to him the milling property, in trust for the creditors, as follows: "First, to run and operate such mill and other property in such manner as shall be for the best interests of all the creditors of the said firm of Bleck

mann, Horn & Company, *whether hereinbefore enumerated, mentioned or not.* Second, to sell and dispose of the said property herein and hereby conveyed in such manner and on such terms as a majority in number and amount of the said creditors may direct, at public or private sale, and, after deducting all reasonable costs and expenses attending the same, pay *pro rata* on the demands of said creditors  *  *  *  it being distinctly understood that this conveyance is made for the benefit of all the creditors of said firm of Bleckmann, Horn & Company, and not for the purpose of giving any creditor a preference over another."

It has been several times held in this state that an assignment, containing a stipulation for the release of the debtor as a condition of receiving any benefit, is void as to the creditors not consenting thereto. *Brown v. Knox,* 6 Mo. 302 ; *Drake v. Rogers, Id.* 317 ; *Bradley et al. v. Ames,* 50 Mo. 387. And the same rule prevails in New York. Burrill on Assignments, section 192. But does this deed fall within the rule ? Here a number of creditors, nearly all of them, did execute such a release at and prior to the delivery of the deed of assignment. If they saw fit to do this, to get what contingent dower interest the wives of the assignors might have in the real property, and to avoid the consumption of the property by way of costs in bankruptcy proceedings, as seems to have been the motive, that alone would not render the assignment fraudulent. The deed professes to be made for the benefit of all the creditors, whether named or not. The release by certain creditors is recited by way of consideration in part. But there is no stipulation that those only who have or shall sign the release shall share in the avails of the assignment. We do not understand the deed to contemplate such a condition. The plaintiff, Coleman, was not recited as a creditor at all, but that was wholly immaterial. Our statute, then in force, declared that every voluntary assignment should be for the

benefit of all the creditors of the assignor· in proportion to their respective claims. It was wholly unnecessary to mention the name or amount of debt of any creditor. Those not mentioned were not prejudiced in the least.

Though Jeffries and Davis, the other plaintiffs, were mentioned, still they did not sign the release, nor were they bound so to do. These plaintiffs could have proved up their demands, as other creditors did, and have shared in the dividends. It seems to be contended that by so doing and receiving a dividend they would surrender whatever balance might be due on their demands. This is a misconception of the terms of the deed, as we have seen. It contemplates no such results as to those creditors who had not already, at the time of the assignment, executed the release.

2. While the assignee sold the property without an order of the court,'that does not render his sale fraudulent, nor does it affect the validity of the deed of assignment, and no other questions are presented by this record. It may be added that the statute, with respect to voluntary assignments, determines how the trust shall be administered, and in this respect supersedes details to that end in the deed of assignment.

The bill and the case made therein is without merit. The judgment of the circuit court should be affirmed. It is so ordered. All concur.