## GEORGE M. MOORE, Appellant, v. W. A. CARR, Respondent.

Kansas City Court of Appeals, February 3, 1896.

1. **Replevin:** TITLE: RECOVERY.    The plaintiff in replevin must recover,
   if at all, on the strength of his own title; and in this case plaintiff
   appears to have had no title at the commencement of the action,
   as there is no breach of the conditions of the deed of trust under which
   he claims.

2. **Insolvency:** WHAT IS: MERCHANT.    A merchant is understood to be
   insolvent when unable to pay his debts when they fall due in the usual
   course of business.

3. **Fraudulent Conveyances**: EXCLUDING CREDITORS FROM DEFEND-
ANT'S PROPERTY. No debtor should have the power of giving prefer-
ences to any claim of creditors whereby such creditors may be induced
to refrain from enforcing their claims against trust funds in the hands
of a trustee; and a provision in a trust deed that creditors extending
the time for the payment of their demands would be entitled to partic-
ipate in the trust property, renders such trust deed fraudulent and
void as to creditors not acceding to such terms.

4. ———: SALES ON CREDIT. The trust deed authorizing the grantor to
remain in possession of the property and to turn over the net proceeds
of the cash sales and sales made on credit once a month, or oftener if
required, is construed not to have the effect to delay other creditors
or injuriously affect their rights; and the cases limiting this doctrine
are reviewed.

*Appeal from the Barton Circuit Court.*—HON. DANIEL P.
STRATTON, Judge.

AFFIRMED.

*Ellis & Cook* and *Cole & Burnett* for appellant.

(1) The chattel trust deed in evidence is not void
"for the reason that it shows upon its face that it is an
instrument for the use and benefit of the grantor."
*Metzner v. Graham*, 57 Mo. 404; *Hubbell v. Allen*, 90
Mo. 574; *Brackett v. Harvey*, 91 N. Y. 214; *Ford v.
Williams*, 24 N. Y. 359; *Conkling v. Shelly*, 28 N. Y.
360; *Miller v. Lockwood*, 32 N. Y. 293; *Robinson v.
Elliott*, 22 Wall. (U. S.) 524; *Adler v. Claflin*, 17 Iowa,
89; *Klien v. Katzenberger*, 20 Ohio St. 110; *Abbott v.
Goodwin*, 30 Me. 407. Private persons, as well as offi-
cials, are presumed to perform their agreements, to act
honestly, and in their line of duty, until the contrary
appears. *State ex rel. v. Bank*, 120 Mo. 169; *Lennox v.
Harrison*, 88 Mo. 496; *Webb v. Darby*, 94 Mo. 621; *Ridge
v. Goernell*, 53 Mo. 483; *Funkhauser v. Lay*, 78 Mo. 462.
(2) The deed is not void "for the reason that it shows
upon its face that it was made for the purpose of hinder-
ing and delaying creditors." It is immaterial whether

the preference given a creditor by a debtor be by payment, conveyance, mortgage, by delivery of goods, by confession of judgment or suffering an attachment. *Schroeder v. Bobbitt*, 108 Mo. 292; *Lexton v. Anderson*, 95 Mo. 373; *Claflin v. Sylvester*, 99 Mo. 276. An insolvent debtor can mortgage all, or any part, of his property for the benefit of one, or more, of his creditors. *Jeffery v. Matthews*, 120 Mo. 317; *Hargadine v. Henderson*, 97 Mo. 375; *Lead Co. v. Haas*, 33 N. W. Rep. (Iowa) 657; *Schroeder v. Bobbitt*, 108 Mo. 293; *Forester v. Moon*, 77 Mo. 651.

*James G. Smart* for respondent.

(1) It was necessary for plaintiff (trustee) to prove, in order to show a right to the possession of the property replevied, *first*, a breach of one of the conditions of the deed, and, *secondly*, "a written request by the holders of a majority of the indebtedness secured" to take possession. The record unmistakably shows that neither of these was proven. The demurrer to the evidence, therefore, was properly sustained. *Perry v. Bank*, 27 Gratt. 755; *Bager v. Longenberg*, 42 Mo. App. 7; Pierce on Mortgages of Merchandise, sec. 7; *Chandler v. West*, 37 Mo. App. 631–634; *Hickman v. Dill*, 32 Mo. App. 509–517, 518; *Shebb v. Curdt*, 56 Mo. 437–439; *St. Louis v. Robinson*, 81 Mo. 24; Pierce on Mortgages of Merchandise, sec. 37; *Hickman v. Dill*, 32 Mo. App. 518. (2) The provision of the deed requiring creditors to extend the time of payment of their debts as a condition to participation in the benefits of the deed renders the same void. This provision alone shows that the deed was made, not only for the purpose of hindering, delaying, or defrauding such creditors, but also for the use and benefit of the grantor. R. S. 1889, secs. 5169, 5170; *Brown v. Knox*, 6 Mo. 302–305; *Drake v. Rogers*, 6 Mo. 317; *Bradlay v. Ames*, 50 Mo. 387;

*Jeffries v. Bleckman*, 86 Mo. 356; *Grocer Co. v. Miller*, 53 Mo. App. 107–115; *Hamill v. England*, 57 Mo. App. 110; *Segers' Sons v. Thomas Bros.*, 107 Mo. 635–643; Bump on Fraudulent Conveyances, pp. 20, 21. (3) The deed is void as a matter of law, because it allows the mortgagor to remain in possession of the merchandise and sell the same, if not in the usual course of business, in a manner far worse, so far as the creditors are concerned, i. e., "as speedily as the same can be done without too great a sacrifice." *Bullene v. Barrett*, 87 Mo. 185; *Smith v. Ham*, 51 Mo. App. 437; *State to use, etc., v. Tasker*, 31 Mo. 447. (4) This provision as to selling on credit makes it not only possible but an easy matter for the grantor to avoid the necessity of accounting once a month or at any other time, and, therefore, the deed is void as a matter of law as against the Standard Implement Company and other creditors named who do not accept it. Pierce on Mortgages of Merchandise, sec. 34–37; *Smith v. Ham*, 51 Mo. App. 437; *Helm v. Helm*, 52 Mo. App. 618–620; *Leather Co. v. Hardware Co.*, 57 Mo. App. 299; *Kratzer v. Busch*, 38 Mo. App. 442; *Goddard v. Jones*, 78 Mo. 518; Wharton's Law Dictionary; Rapalje and Lawrence Law Dictionary; *Caine v. Horsfall*, 1 Ex. 579; Jones on Chattel Mortgages, sec. 401, p. 401; *Bank v. Westbury*, 16 Hun, 458; *Brackett v. Harvey*, 25 Hun (N. Y.), 502; *Nicholson v. Leavitt*, 2 Seld. 515, 517, 518; *Rapalje v. Stewart*, 27 N. Y. 317; *D'Ivernois v. Leavitt*, 23 Barb. 80; *Burdick v. Post*, 12 Barb. 172.

SMITH, P. J.—This is an action of replevin. The history of the case, briefly stated, is about like this:

J. J. Andrews, a merchant engaged in the sale of agricultural implements, buggies, etc., on September 2, 1893, executed and delivered a certain deed of trust to the plaintiff, Moore, conveying to the latter the

agricultural implements, buggies, etc., in the store of the former, to secure a debt due to Kingman & Company, and also to secure the debts of certain other creditors therein named. The said deed of trust contained a clause providing that if either of said creditors "shall not extend, according to the tenor of said notes, the indebtedness owing them, respectively, to the amount of the notes aforesaid made to them, respectively, the amount of the notes made payable to such of them as shall not accept the same and consent to the extension aforesaid, within five days from this day, shall be void and this mortgage shall stand as a security only for the said notes of the said Kingman & Company."

A day subsequent of the execution of the deed of trust, the Standard Implement Company brought a suit by attachment against the said Andrews, causing the property covered by the deed of trust to be seized by the sheriff under the writ of attachment. The plaintiff thereupon brought this action against the defendant, who was the sheriff executing the said writ, for the recovery of the possession of the attached property.

There was a trial in the court below, resulting in judgment for the defendant, from which plaintiff has appealed.

The questions which we are required to determine arise out of the action of the trial court in declaring, at the conclusion of the evidence, that the plaintiff was not entitled to recover. It is first insisted that since the plaintiff failed to show title in himself to the attached property, for that reason, if for no other, he was not entitled to recover.

There was a clause in the deed of trust which: "Provided always, in case of a removal or attempt to remove said property covered by this mortgage from

Barton county, Missouri, or any unreasonable depreciation in its value, or from any other cause, the said George M. Moore, trustee, as aforesaid, or the holders of the majority of the indebtedness secured by this mortgage shall deem themselves insecure, or in case of failure of said mortgagor to pay said indebtedness secured by this mortgage, or any part thereof, as the same shall become due and payable, then the whole of said debt and interest shall forthwith become and be due and payable and the said George M. Moore, trustee, as aforesaid, or his successors in trust, or duly authorized agents, may, when requested to do so in writing by the holders of the majority of the indebtedness secured by this mortgage, take said property, or any part thereof, into his possession," etc., etc. It does not anywhere appear that any one of the debts mentioned in the deed of trust was due, at the time of the commencement of this suit; or that the plaintiff had been requested in writing or otherwise, by a majority of the said creditors, or by any of them, to take said property, or any part thereof, into his possession.

A plaintiff in an action of replevin must recover, if he recover at all, on the strength of his own title. At the commencement of this suit, it does not appear that there had been a forfeiture of any one or more of the conditions of the deed of trust, whereby plaintiff had become entitled to the possession of the trust property, and for that reason the ruling of the court that he could not recover was proper. *Hickman v. Dill*, 32 Mo. App. 518; *Boeger v. Langenberg*, 42 Mo. App. 7; *Chandler v. West*, 37 Mo. App. 631; *Sheble v. Curdt*, 56 Mo. 437.

It is further contended that the provision in the deed of trust, that the debts owing respectively to the creditors therein named, except Kingman & Company, "were to be secured thereby; provided such creditors

were willing to extend the time of payment of said indebtedness, according to the notes therein mentioned, for three, six, nine, or twelve months, and further provided, however, if either of said creditors shall not extend, according to the tenor of said notes, the indebtedness owing to them, respectively, to the amount of the notes aforesaid, made to them, respectively, the notes made payable to such of them as shall not accept the same and consent to the extension aforesaid, within five days from the date thereof, shall be void, and this mortgage shall stand as a security only for the said notes of Kingman & Company, and for the security of the notes of such other of said creditors above named, who shall consent to said extension and accept said notes made payable to them respectively,'' vitiates such deed as to the Standard Implement Company and the other named creditors, who did not agree to the extension of time, in favor of the grantor.

The recitals in the deed of trust, to the effect that Kingman & Company had agreed to extend the time of payment of the indebtedness owing to them by the grantor, and that the grantor was desirous of securing the seven other creditors therein named, provided the latter were willing to extend the time of the payment of the several debts owing them, amounting to over $3,000, fully justifies the inference that the grantor was unable to pay his debts then due, for otherwise he would not have demanded an extension of the time of payment. A merchant is understood to be insolvent when unable to pay his debts as they fall due, in the usual course of business. Solvency implies as well the present ability of the debtor to pay out of his estate, all his debts, as also such attitude of his property as that it may be reached and subjected to process of law, without his consent, to the payment of such debts. *Reid v. Lloyd,* 52 Mo. App. 278; *Mitchell v. Bradstreet,*

116 Mo. 226.   We think that it is plain from the recitals in the deed of trust itself, that the grantor was, at the time of execution of such deed, insolvent in legal contemplation.

In *Grocer Company v. Miller*, 53 Mo. App. 107, it was declared by the St. Louis court of appeals that: "There is no distinction in principle between a stipulation in an assignment, exacting a release from creditors before participating in its provisions, and a stipulation in a trust deed made for creditors, exacting the forbearance of their claims, at the will and demand of the grantor, before they shall partake of the trust.   In both cases the creditor is under compulsion of his debtor and must yield at the debtor's demand, the enforcement and collection of his rightful claims and in each case the creditor is hindered or delayed within the purview of the statute."   Section 5170, R. S. *Brown v. Knox*, 6 Mo. 302, was where an assignment provided that after the payment, out of the proceeds of the sale of the property, by the trustee, of the debts in certain specified schedules, the residue should be paid to all such creditors as would execute a *release* within the term of three months.   Touching this stipulation, it was remarked by Judge NAPTON, who delivered the opinion in the case, that:  "The circuit court ought, in my opinion, to have declared the assignment fraudulent and void, as against the rights of attaching creditors. * * * It appears, then, to be in strict conformity to the letter and spirit of our statute of frauds, consonant to the general policy of our statutes, and I think I may add, according to sound views of morality and common honesty, that a debtor should not have the privilege of dictating terms to his creditors and of excluding *bona fide* creditors from all benefit in his property, who will not accede to his terms."   And similar rulings have been made in later cases.   *Seger v. Thomas*, 107 Mo.

635; *Jeffries v. Bleckman,* 86 Mo. 356; *Bradley v. Ames,* 50 Mo. 387; *Hamill v. England,* 57 Mo. App. 110.

No debtor should have the power of giving preferences afterward to any class of creditors, whereby such creditors might be induced to refrain from enforcing their claims against the trust fund, in the hands of the assignee, or trustee, in the hope of obtaining a preference in payment, on account of such forbearance. And an assignment which thus (as in the present case) places any of the creditors in the power of the debtor, or his assignees, must have the effect to delay or hinder his creditors in the collection of their debts. *Barnum v. Hempstead,* 7 Paige, 568. In Bump on Fraudulent Conveyances, 20, it is stated that a "delay for all time renders a transfer void; and the principle is the same when it is sought for a limited time. The difference is in degree only. * * * The time for the performance of a contract is, both in morals and in law, an essential part of the contract itself, and a debtor who attempts to postpone the time of payment endeavors to deprive his creditors of a valuable right, and thus it may justly be said that a positive intent to defraud always exists when the inducement to convey is to hinder and delay creditors, since the right of creditors to receive their demands when due is as absolute as their right to receive them at all. Therefore, when the debtor places his property beyond the reach of legal process, so as to delay creditors, *this* is a legal fraud, although he may intend ultimately to appropriate it for the benefit of all or a part of them."

It is further contended that the said deed is void, for the additional reason that it allows the grantor to remain in possession of the property and "sell the same as speedily as can be done, without too great sacrifice and shall account and pay to George W. Moore, as trustee as aforesaid, for the benefit of said creditors,

respectively, in proportion to the amount of claims held by them and secured by the mortgage, to be applied on the same, the net proceeds of said sales, whether made *in cash or on credit* once a month, and at such other times as he may be requested to do so".

In *Nicholson v. Leavitt*, the New York court of appeals declared that an assignment by an insolvent debtor of his property to trustees, for the benefit of creditors, authorizing the trustees to sell the assigned property upon credit, is fraudulent and void, as against creditors of the assignee. The reasons upon which this ruling is made to rest are: *First*, that it was not the object of the lawmaking power to hold out inducements to a debtor in failing circumstances, to place his property beyond the reach of his creditors; *second*, that if the property is more than sufficient to discharge all the debts of the assignee, he has no right to delay creditors, by giving credit in the sale of the property, with a view of increasing the surplus resulting to him. This would be a trust for his own benefit, and consequently void under the statute; *third*, if the property is insufficient to pay the demands of creditors, it is obvious they are chiefly interested in the amount to be realized by the sale. *Blacket v. Harney*, 91 N. Y. 214, was where the mortgage permitted a sale on a credit of sixty and ninety days, secured by good business paper, which was to be taken and applied as cash. No permission was given to sell in any other way. The court upheld the mortgage, but remarked that such a provision could only become dangerous by straining it beyond any just inference and construing it to be a general permission *to sell on credit without limitation*. In *Rapley v. Stewart*, 27 N. Y. 311, it was said that any provision contained in an assignment which shows that the debtor at the time of the execution intended to prevent an immediate application,

will avoid the instrument, because it shows that it was made with the intent to hinder and delay creditors in collecting their debts.

In *Keys v. Sanderson*, 2 Wis. 42, it is said that whenever the assignee can, within his authority, postpone the payment of the price of the assigned property, sold by him, he thereby *necessarily* delays the creditors in such assigned property, in the collection of their demands; and inasmuch as the assignor must be deemed to have intended the legal consequence flowing from every provision contained in his assignment, such a provision must be taken as evidence apparent on the face of the instrument, of the intent with which it was executed. By reference to Wait on Fraudulent Conveyances and Creditors' Bills, sections 332, 333, a reference will be found to most of the adjudications illustrating this doctrine.

*State v. Benoist*, 37 Mo. 501, was where the assigned property consisted of real estate, wireworks, furnaces, and cumbersome machinery, enormous quantities of ores, coal, pig iron and other heavy material or material in the actual process of manufacture; for the payment of a very few large debts; and where the grantor was not shown to be in an utterly insolvent condition; and where there was property enough to ultimately liquidate all the indebtedness. The deed conferred the power to sell for cash, or part on time, as to them should seem best. In discussing the question of the power in general, whether the giving of a power to sell on credit will make an assignment void, the court, in effect, say, there is a vast difference between the assignment of a small store of goods and an assignment of an immense amount of property, as in that case. While fraud is the same thing in the largest and smallest transactions, it is proper to consider the nature of the transaction, the kind and

description of the property conveyed and the propriety and fitness of the trust powers and things to be done in a given instance. And all the provisions may be properly considered together, in determining whether, on the whole, they must necessarily have the effect to work such hindrance and delay as actually to defraud creditors.

In the present case, the debtor has reserved the power to sell a small stock of merchandise on cash or credit. The power to sell on credit is curtailed and restricted by the requirement to turn over the net proceeds of the sales made on credit once a month, or oftener, if required. Thus it is seen that the trustee is restricted to giving short credit. He must turn in the net proceeds, or cash arising from such credit sales, as often as required. He could be required 'to pay over the sum every day.

In view of what is said in 37 Missouri *supra*, we can not discover that the power to sell on credit, with the limitation implied therein, could have the effect to keep the other creditors of the grantor at bay, or otherwise injuriously affect their rights.

But, notwithstanding this conclusion, we must, on other grounds, already sufficiently stated, uphold the ruling of the circuit court and affirm the judgments. All concur.