## M. L. BARRETT & COMPANY v. JAMES S. CHILTON, Garnishee of MINUSA CINE PRODUCTS COMPANY, Appellant.

### Division One, July 28, 1924.

1. **ASSIGNMENT: Upon Condition.** A provision in a deed of assignment that the assets shall be distributed by the assignee among such creditors only as shall consent to its terms and accept the distribution in full satisfaction of their claims against the assignor, is void, as is a provision that the distributive share of any creditor, who will not consent to the trust agreement, shall be returned to the assignor. Such provisions tend to coerce creditors to surrender a portion of their just claims, which remain unsatisfied, as a condition of receiving their share of the estate, and place the surplus, if any, beyond the reach of the non-assenting creditors and create a resulting trust in the surplus in favor of the debtor.

2. ——: ——: **Trust Fund, Nevertheless.** The effect of an assignment, by an insolvent company which has ceased to be a going concern, which contains void provisions attempting to coerce creditors to consent to its conditions or fail to share in the distribu-

tion of the assets, is to transfer the property to the assignee as bailee in trust for the benefit of the creditors and stockholders of the company, and all its property attempted to be so assigned is thereby turned over to him for their benefit.

Headnotes 1 and 2:    Assign for Benefit of Creditors: 1, 5 C. J. sec. 139 (1926 Anno);    2, 5 C. J. sec. 271 (1926 Anno).

Transferred from St. Louis Court of Appeals.

JUDGMENT OF COURT OF APPEALS ADOPTED.

*E. G. Curtis* for appellant.

*Otis L. Clonts* for respondent.

DAVID E. BLAIR, P. J.—Garnishment proceeding upon an execution. The trial court rendered judgment against the garnishee, and he appealed to the St. Louis Court of Appeals. That court reversed the judgment and remanded the cause. As it deemed its opinion to be in conflict with the ruling of the Springfield Court of Appeals in the case of Turner v. Drees Hardware & Furniture Co., 227 S. W. 1085, it certified the case to this court.

We quote from the opinion of BECKER, J., as follows:

"J. W. Chilton, garnishee, in answer to the interrogatories filed, denied that he held any moneys or property in his hands belonging to the judgment creditor, the Minusa Cine Products Company.

"The plaintiff filed a denial of the garnishee's answer. He stated therein that the Minusa Cine Products Company, on May 10, 1917, executed and delivered to the garnishee herein a deed of assignment, whereby it undertook to sell, assign and transfer to said garnishee all of its assets. That under the terms of said instrument said garnishee took possession of all of the assets of said Minusa Cine Products Company and converted said assets into cash. That said instrument authorized said garnishee

to take charge of all the said assets of said Minusa Cine Products Company, convert same into cash, and after paying certain expenses, enumerated in said instrument, to pay all creditors of said Minusa Cine Products Company; and that in the event such funds were not sufficient to pay all of said creditors in full, the said garnishee was directed to prorate such funds among said creditors,·and to pay pro rata to all such said creditors as would receipt their respective bills against the assignor in full satisfaction of all their claims against it.

''The denial alleged that it was further provided in said instrument that in the event any creditor of the company did not claim his distributive share and execute a receipt in full satisfaction of all its claims against the assignor, then the said garnishee was directed to hold such distributive share of such creditor for a reasonable time and then to return same to the assignor.

''The denial further stated that said garnishee took possession of all·the property belonging to said assignor, said property being of the value of several thousand dollars; that said garnishee sold and converted a part of said assets into cash, and that at the time of service of garnishment, and of filing of the answer of said garnishee, said garnishee had in his possession several thousand dollars' worth of the assets of said assignor.

''The denial further alleges' that said deed of assignment was not made under the assignment laws of this State, and that the creditors were not bound thereby unless and until they accepted the terms of said deed; that plaintiff had a judgment against said Minusa Cine Products Company for the sum of $382.96; that plaintiff had not accepted the terms of said deed; that no part of said judgment had been paid, and that said garnishee still had in his hands the moneys derived from the sale of said assets. Plaintiff prayed judgment against said garnishee for the amount of its said judgment with interest and costs.

"The cause was tried in the lower court on an agreed statement of facts. The facts alleged in plaintiff's denial of the garnishee's answer are practically the same as are contained in the agreed statement of facts.

"Additional facts appearing in said agreed statement are as follows: All the creditors of the Minusa Cine Products Company, with the exception of plaintiff and one other, filed their accounts with said trustee. The debts filed amounted to $9725.26, and the total receipts from the sale of said property were $3485.14; over $1786 of which was distributed to creditors, $572.64 was expended in necessary costs of administration of said estate, and $1126.80 remains in the hands of said garnishee. The garnishee has always been ready and willing to accept proof of plaintiff's claim and to distribute to it its full pro rata share of the funds realized from the sale of said property and is still willing to do so, but plaintiff has refused to file proof of its claim with the garnishee. The deed of assignment is attached to the agreed statement and is made a part thereof.

"The assignment contains, amongst others, the following clauses:

" 'This deed, made and entered into this tenth day of May, 1917, by and between the Minusa Cine Products Company, a corporation of St. Louis, State of Missouri, party of the first part, and J. W. Chilton, . . . party of the second part, and the persons, firms and corporations (hereinafter referred to as creditors) named in "Schedule A" hereto attached and made part hereof and all other creditors of the party of the first part, whether named herein or not, who shall claim the benefit of this agreement within four months from the date hereof, it being understood that this conveyance is made for the benefit of all the creditors of the party of the first part, whether named therein or not, who will accept the distribution under this instrument in full satisfaction of all their claims against the party of the first part, the distributive share of any creditor not so agreeing is to be

held by the trustee for a reasonable time, and if not then claimed by said creditor, shall be returned to the party of the third part.'

" 'Any creditor who shall fail or refuse to be bound by the terms of this agreement, or who shall refuse to accept any distribution made by the trustee, pursuant to the terms hereof, shall be forever barred from the benefits of this agreement, and the trustee shall, upon the completion of his duties as trustee, pay over to the party of the first part any amount which might otherwise be payable to such party if such party still fails and refuses to accept the same.'

"First, as to the validity of the assignment. The provision that the assets conveyed to the trustee shall only be distributed by him among such creditors of the assignor as shall consent to be bound by the terms of the assignment and shall accept the distribution under the instrument in full satisfaction of all their claims against the assignor, is void upon its face, as an unlawful attempt to institute a proceeding in bankruptcy on the assignor's own terms; it tends to coerce creditors to surrender a portion of their just claims, which may remain unsatisfied, as a condition to receiving their share in the estate and hinders and delays creditors, in violation of our statute.

"Also the provision, contained in the assignment, that the distributive share of any creditor, who shall not consent to the trust agreement, shall be returned to the assignor, is void on its face, for the reason that it places such surplus beyond the reach of the non-assenting creditors and creates a resulting trust of the surplus of the debtor.

" 'A debtor in failing circumstances is only allowed by assignment to place his property beyond the reach of his creditors by making a general assignment of all his property, when he does so for the benefit of his creditors by devoting it fairly to the payment of his debts and not with a view to his own advantage by forcing

them to release their claims for less than the amount due.'
[Law Reports (N. S.) 50, 717.]

"Whatever may be the trend of decisions in other
jurisdictions, and they are not in harmony upon the sub-
ject, the appellate courts of this State have settled the
question. The deed of assignment before us contains
the same provision for a release by creditors of their
claims, which our Supreme Court declared void in the
case of Brown v. Knox et al., 6 Mo.,166 (302). This pre-
cise question has also been directly decided in the follow-
ing cases: Drake v. Rogers, 6 Mo. 171 (317); Bradley
v. Ames, 50 Mo. 387; Moore v. Carr, 65 Mo. App. 71;
Russell v. Taylor, 5 Mo. 245; Jeffries v. Bleckmann, 86
Mo. 356; Atkinson v. Jordan, 5 Ohio, 293; Owen v. Arvis,
26 N. J. L. 22; Curtain v. Talley, 46 Fed. 580; Sangston
v. Gaither, 3 Md. 40; Malcolm v. Hodges, 8 Md. 418;
Bridges v. Hindes, 16 Md. 101; Whedbee v. Stewart, 40
Md. 414; Farrow v. Hayes, 51 Md. 498; Palmer v. Giles,
58 N. C. 75; Jacot v. Corbett, Cheves Eq. 71, and in each
case such assignments have been held void.

"Yet, however, since it appears that at the time the
attempted assignment was made the Minusa Cine Prod-
ucts Company was insolvent and had ceased to be a go-
ing concern, and that all the property which the company
then owned has been turned over to the defendant, James
W. Chilton, as assignee, for the benefit of its creditors,
under the ruling of our Supreme Court in Calumet Paper
Co. v. Haskell Show Printing Co., 144 Mo. 331, l. c. 339,
340 (concerning which ruling we express no opinion),
we must hold that the effect of such attempted assign-
ment was to transfer the property to said Chilton as
bailee in trust for the benefit of the creditors and stock-
holders of said company and not as assignee. Under the
ruling in the Calumet Case the property being a trust
fund for the benefit of all the creditors and stockholders
of the company, it was not subject to garnishment, and
no one creditor could by reason of the garnishment proc-
ess gain an advantage over the other creditors.

"It follows that the judgment should be reversed and the cause remanded, as was done in the Calumet Case, supra."

Judge BECKER was apparently reluctant to express his views of the soundness of the case of Calumet Paper Co. v. Haskell Show Printing Co., 144 Mo. 331, which he correctly held ruled the instant case. Since Judge BECKER's opinion was handed down, Division One of this court decided the case of St. Louis Catering Co. v. Glancy, 294 Mo. 439, and therein cited with approval the Calumet Paper Company Case, and based its decision upon the same considerations which ruled the latter case. This court is, therefore, committed to the rule announced by Judge BECKER.

We therefore adopt the foregoing opinion of Judge BECKER as our own. It is our order that the judgment of the trial court be reversed and the cause remanded. All concur; *Walker, J.,* in the result.