Barnitz *vs.* Rice, *et al.*

(Decided June 16th, 1859.)

Le Grand, C. J., dissented.

## Alexander H. Barnitz *vs.* Henry G. Rice, and others.

An assignment for the benefit of creditors, and exacting releases, conveys property in these words: "All the stock in trade and merchandise, goods, chattels and effects, and promissory notes, securities, and evidences of debt, and claims or demands of, or belonging to, or in any wise or manner claimable by me. HELD:

That this deed is *void* as against creditors, because it does not, *on its face,* convey *all* the property of the grantor, and *extrinsic* evidence is not admissible to show, that in *point of fact* it does embrace all the property which the grantor had at the time of its execution.

In such deeds no particular words are necessary, but any apt words which will convey *all* the debtor's property, and thereby negative every presumption that there is other property, are sufficient.

Barnitz *vs.* Rice, *et al.*

APPEAL from the Circuit Court for Baltimore City.

Edmund J. Webb executed a deed to the appellant, as trustee, for the benefit of his creditors, dated the 9th of December 1857. It recites: "Whereas, I, Edmund J. Webb, of Baltimore city, trading under the above name, am indebted to various persons, and am unable promptly to satisfy those liabilities, and desire therefore to make provision, in manner as hereinafter is set forth, for payment of my debts," and then conveys to Barnitz, "*all the stock in trade and merchandize, goods, chattels and effects, and promissory notes, securities, evidences of debt, and claims and demands of, or belonging to, or in any wise or manner claimable by me aforesaid,*" in *trust* to sell and collect the same, and after paying costs, expenses, and a reasonable compensation to the trustee, to apply the proceeds, 1st, to pay all claims against the grantor for moneys lent for and upon promissory notes or other evidences of debt, given or lent for his accommodation; 2nd, to apply the residue, after satisfying all the claims first provided for, to pay all claims and demands against the grantor of such of his creditors as shall, before the 8th of January next, release all their claims and demands against him, and 3rd, after satisfying the claims and demands of such releasing creditors, all the residue to be applied to or towards paying and satisfying all other claims and demands against the grantor.

It was duly acknowledged and recorded among the chattel records of Baltimore city, and on the 19th of March 1858, the appellees, as creditors of Webb, filed their bill against him and the appellant, assailing this deed as fraudulent and void, upon the ground, among others, that, by its terms, it does not convey real estate, and was not intended to convey any other property than that therein mentioned, as appears from the fact that it was recorded only among the chattel records of Baltimore city, and that as complainants are informed and believe, and therefore charge, said Webb did not, by this deed, convey all the money and property, real, personal and mixed, of which he was owner at the time of its execution.

The bill prayed for an injunction, which was granted, and

4     v. 14.

the motion for a receiver was set down for hearing on a future day.

The defendants, (Webb and the appellant,) in their answer, aver that the deed was made fairly and bona fide, and that it covers and embraces all the property on earth, of every description, to which the grantor had any claim, legal or equitable.

The defendants moved to dissolve the injunction, and testimony was taken under an order of the court. The evidence, on the part of the defendants, tended to show that Webb never had any interest in any real estate, and that he gave up, to the last cent, all his property. To the admissibility of this evidence exceptions were filed by the complainants.

The court, (KREBS, J.,) on hearing of the motion to dissolve and the appointment of a receiver, ordered the injunction to be continued and a receiver to be appointed, and from these orders, as well as that granting the injunction, the defendant, Barnitz, appealed.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Wm. Schley*, for the appellant.

The deed contains no reservation or exception whatever, and there is nothing upon its face to justify the inference, that the grantor had real property. If the strict construction of the language of this court, in the case of *Rosenberg & Blondheim vs. Moore*, 11 *Md. Rep.*, 376, contended for on the other side, is to be adopted, it would be almost impossible for any such deed of trust to be valid. Suppose the deed had purported to convey all the grantor's *real estate* and *personal property, land situated in another State, ships at sea*, which can only be conveyed in a particular mode under the Act of Congress, would *not* have passed by it. Must every such deed be so executed and acknowledged as to pass such property, because by *possibility* the grantor may possess it? and if it does not, on *its face*, purport so to do, is it therefore void? The true rule, in such cases, is, that if the deed on its face

purports to convey but a *part* of the grantor's property, or contains any exception or reservation, then it is *void*. But where there is no such reservation, and general comprehensive words like those in the present deed—"all claims and demands"—are used, the deed must be held to embrace all the grantor's property, and throws the *onus* on the parties assailing it to show, that he had other property, or, at all events, when so assailed, it is competent for the grantee, under it, to show, by *extrinsic proof*, that it does embrace *all the grantor's property*, and that he had no other property than what would pass thereby. The language of the court in *Rosenberg &• Blondheim vs. Moore*, and in *Malcolm vs. Hodges*, 8 *Md. Rep.*, 418, must be read in connection with that in *Sangston vs. Gaither*, 3 *Md. Rep.*, 48. where the court, in speaking in reference to the deed then before it, say: "The case stated does not *plainly show* whether this was an assignment of *all the debtor's property*, and the appellants contend, that the *onus* of showing such a state of case is on the party claiming against the deed;" and then, after quoting what was said in *Green &• Trammell vs. Trieber*, the court proceed to say: "It would seem, therefore, to be the duty of the party who sets up the deed *to show that the debtor had done what the law requires to give it validity.*" This clearly gives the debtor the right to show, by extrinsic proof, that the deed embraces all the property of the debtor, and is in accordance with the decisions in other cases on similar points. See 2 *Gill*, 150, *Byer vs. Etnyre, et al; Best on Presumptions,* 21, 29; 5 *Mason*, 284, *United States vs. Langton,* and cases there cited.

*P. McLaughlin* for the appellees.

The deed does not, in words, profess to convey all the estate of the grantor, though it contains preferences and exacts releases from creditors. In this particular it is similar to the deed in *Rosenberg &• Blondheim vs. Moore*, 11 *Md. Rep.*, 376, in reference to which, the court, whilst holding it void, said: "Whilst the law authorises a debtor to make a deed, such as the one in this case, it yet demands it should be a

conveyance without any reservation whatever to himself. This is not *plainly manifest on the face of the deed.* It should have *affirmatively* so appeared. As was said in the case of *Malcolm vs. Hodges,* 8 *Md. Rep.,* 418, the validity of a deed of trust, for the benefit of creditors, must be determined *by the deed itself, without reference to extrinsic facts;* such an assignment, to be valid, must convey all the property of the debtor, and, *in terms,* dedicate the *whole* for the benefit of his creditors." In *Green & Trammell vs. Trieber,* 3 *Md. Rep.,* 40, it is said: "We are to look to the character with which the law stamps the deed, *without reference to extrinsic facts* as to motive. If the law imputes to the grantor a design in making the deed, no evidence of intention can change the presumption. If the law declares the deed to be void, it is no matter how the question of fraud in fact may stand." These authorities are sufficient to show that the law is well settled in Maryland, that this deed is void, because it does not, on *its face,* purport to convey all the grantor's property, and that no *extrinsic proof* is admissible to show that the grantor had no other property.

Le Grand, C. J., delivered the opinion of this court.

The decision of this appeal must depend upon the construction to be placed on the deed which has given rise to this controversy. It is a deed by a debtor to a trustee, for the benefit of the creditors of the debtor, and exacting of them releases.

The conveyance of property is in these words: "All the stock in trade and merchandize, goods, chattels and effects, and promissory notes, securities, evidences of debt, and claims and demands of, or belonging to, or in any wise or manner claimable by me."

To this deed it is objected, that it does not, on *its face,* convey *all* of the property of the grantor, and not doing so, that it is not competent, to those insisting on its validity, to show, by *extrinsic* evidence, that in point of *fact* it does convey all the property which the grantor had at the time of its execution.

Under the decisions, and particularly those of this court, we

think the objection well taken. In the case of *Green vs. Trieber*, 3 *Md. Rep.*, 40, this court said: "We are to look to the character with which the law stamps the deed, without reference to extrinsic facts as to motive. If the law imputes to the grantor a design in making the deed, no evidence of intention can change the presumption. If the law declares the deed to be void, it is no matter how the question of fraud in fact may stand." This doctrine was fully sanctioned in *Malcolm, Trustee of Sprigg, vs. Hodges*, 8 *Md. Rep.*, 418, and re-asserted in *Rosenberg & Blondheim vs. Moore*, 11 *Md. Rep.*, 380.

The language of these cases, it would seem, is too explicit to admit of doubt as to its meaning. But it was urged by the able counsel of the appellant, that it should be viewed in connection with that employed in the case of *Sangston, Garnishee vs. Gaither*, 3 *Md. Rep.*, 40, 48, and if so considered, the particular deed involved in this controversy would not be obnoxious to the censure of the law as expounded by this court. We cannot deduce the same conclusion from the collocation and comparison to which we have been invited. In our judgment, the case of *Sangston vs. Gaither* is in harmony with the subsequent ones to which we have referred. The portions of the opinion relied upon by the appellant's counsel were intended simply as replies to phases of argument presented by counsel, intended to show, that even on his own hypothesis his views could not be sustained. That decision, whilst it expressly declares, "that an assignment for the benefit of creditors, exacting releases, as the condition on which they may participate in the fund, must transfer *all* the debtor's estate," nowhere lays it down, or even intimates, that where the deed does not, *in words*, do this, that by testimony *aliunde* it could be shown the deed did, in point of fact, convey all the property of the grantor, and is therefore, in no respect, in conflict with the cases of *Malcolm vs. Hodges* and *Rosenberg & Blondheim vs. Moore*, but, on the contrary, perfectly consistent with them.

We are aware it has been supposed that in cases decided elsewhere, *in one particular*, a different doctrine from the

above has been stated. Without inquiring whether or not this opinion be well founded, we remark, that a reference to the leading cases is had in the opinion of the court in *United States vs. Langton & Trustees*, 5 *Mason*, 284. Whilst these allow of proof, (in cases involving the *priority* of the United States,) other than the deed, to show that it includes all the property of the grantor, they yet recognize and affirm the principle, that in the case of a conveyance by schedule, "*the presumption must be, that there is property not contained in the deed, unless the contrary appears.*"

We do not wish to be understood as saying any particular words are necessary to be used, but only that such must be employed as will convey all the debtor's property. All that is required is, that the words should comprehend all, and thereby negative every presumption that there is other property. Any words apt to this end will be sufficient. There certainly cannot be any difficulty in finding them in any imaginable case.

Whilst affirming the action of the court below, we deem it but just to say, that we discover nothing in the evidence in this cause, going to show, that the grantor, Mr. Webb, either contemplated or practiced any fraud in fact. This decision rests entirely on the legal presumption which arises out of the language of the deed.

*Orders affirmed without costs and*
*cause remanded for further proceedings.*

(Decided June 23rd, 1859.)