WILLIAM M. PRICE and SAMUEL T. LITTLE, Garnishees and Claimants *vs.* PHILIP T. PITZER.

*Deed void as to Creditors, under the Statute of 13 Elizabeth, ch. 5.*

A deed of trust by a debtor, purporting to be for the benefit of his creditors, provided for the retention by the grantor of all his real estate and household goods—the rents of the real estate, if any, to be handed over to the trustees named in the deed; it also provided that the grantor should remain in possession of his store room and stock of goods, under the control and direction of the trustees, he to sell at once for cash, at cost, an amount sufficient to reduce the stock at least two thousand dollars in value and pay the proceeds of such sales to the trustees daily; after which, under the direction of the trustees, he was to go on with the business as then carried on by him. It was further provided that upon failure of the grantor to comply with the conditions on his part to be performed, the trustees, or either of them, should at once proceed to take possession of all the property, of every kind and description, and make sale of the same, upon such terms as they might deem proper and for the best interests of all concerned, and apply the same as directed by the deed to be applied. HELD :

1st. That the deed was in violation of the Statute of 13 Elizabeth, ch. 5, and absolutely void as to the creditors of the grantor.

2nd. That as the deed was void *per se*, no validity was imparted to it, by the provision therein requiring the trustees to take possession of the property upon the failure of the grantor to comply with the conditions on his part to be performed.

APPEAL from the Circuit Court for Allegany County.

Henry Bloomenour of Cumberland, Maryland, being indebted to sundry persons, by deed dated the 11th of February, 1875, in which his wife united, conveyed to " William M. Price and Samuel T. Little, as trustees, the following property, that is to say : All my stock in trade

consisting of dry-goods, notions, &c., now contained in my store-room on Baltimore street, in Cumberland, together with all our household and kitchen furniture, debts, sums of money, books of account, notes, bonds, mortgages, judgments and all other evidences of debt, and all other personal estate of every kind and description to which I am in any manner entitled; also all the following real estate, viz. *  *  *  *

" To have, hold and take the same upon trust in the following manner, and dispose of the same as follows, viz., All my books of accounts, notes, bonds, mortgages, judgments and all evidences of debt due to me, the said Price and Little are at once to proceed, in the manner to them best, to collect and make available for the benefit of my creditors, as hereinafter stated. All my stock of goods, store-room, &c., is to remain in possession of me, the said Henry Bloomenour, under the control and direction of the said Price and Little, and I am to advertise and sell at once for cash, at cost, a sufficient amount of said goods, &c., to reduce the stock of said store down at least two thousand dollars from what it now is, and pay over the amount of said sales of said stock to said Price and Little daily, until the said stock shall be reduced two thousand dollars. After which I, the said Henry Bloomenour, am to go on under the direction of said Price and Little in the business of merchandizing, as now carried on by me, and shall keep the said stock of goods up to the reduced standard as above stated, but I am to pay cash for all new goods put in said store, and beginning from and at the end of thirty days from the date of these presents, I am to pay over in weekly instalments the sum of five hundred dollars per month from the sales made by me of said stock of goods, to said Price and Little; and I, the said Henry Bloomenour, am to retain possession of all my real estate and household goods, but the rents of said real estate, if any, are to be handed over to said Price and Little, and

I am to keep and maintain the same in as good condition as it now is, the neccessary wear and tear excepted.

"And further * * * * that all moneys paid over by me to said Price and Little, or that may be collected by them, shall be distributed monthly to the several debts due to my said creditors *pari passu,* and without any preference or priority of payment, except that the said Price and Little shall first reimburse themselves for any costs and charges they may have incurred by reason of this trust, as well as pay themselves the usual commissions allowed trustees under deeds of trust.

"And this deed further witnesseth, that if at any time I, the said Henry Bloomenour, shall fail to comply with the above conditions and shall fail to make the payments above set out to be made by me, or it shall appear to said Price and Little, that said Bloomenour is not taking that care of, and showing that willingness to carry out these conditions and payments, and to protect said property from loss and waste, so as to accomplish the design intended to be accomplished by this deed, in the payment of his debts, then the said Price and Little or either of them shall at once proceed to take possession of all of said property, of every kind and description, and make sale of the same at either public or private sale, upon such terms and notice as they may deem proper, and for the best interests of all concerned, and shall apply the said moneys arising upon and from such sale or sales, as other moneys are before directed to be applied.

"And * * * * * in case any of my said creditors shall issue and levy attachments or attempt to levy same upon any of the said property, rights or credits set out in this deed, then all the conditions aforementioned in this deed are waived, and the said Price and Little shall dispose of said property as to them shall be for the best interests of all concerned."

On the 6th of March, 1875, the appellee sued out an attachment against Henry Bloomenour, on a debt due

prior to the making of the foregoing deed, and laid it in the hands of the appellants as garnishees. Bloomenour appeared to the *capias* case, by attorney, and on the 10th of November, 1875, judgment was rendered therein for $725.25, with interest from date of judgment, and costs. The garnishees appeared and set up a claim to the property attached, under the deed of trust of the 11th of February, 1875.

At the trial, the garnishees admitted that they had funds in hand, (being the proceeds of sales of the property conveyed to them by the foregoing deed of trust) more than sufficient to cover the amount of the attachment, and that prior to the issuing of the attachment, Bloomenour had absconded. They then offered in evidence the deed of trust, and proved, subject to exception, that before the levying of the attachment, they had taken possession of the stock in trade in Bloomenour's store, and all the other property in said deed conveyed, and refused to allow him to conduct the business of said store any longer, but that Bloomenour continued to live in one of the houses conveyed by said deed, until about the 1st of March, 1875, without paying rent, by the permission of the trustees; that at a meeting on the 23rd of February, 1875, of a majority of the creditors of Bloomenour, it was decided not to throw him into bankruptcy, but to leave the trust to the trustees to be executed and carried out; that during some part of the meeting the plaintiff was present, but the witness could not say how long he stayed, or whether or not, he left before the meeting closed, but that all who left before the meeting closed (except John McKeon) said that whatever the rest did, they would agree to. The witness on cross-examination stated, that he had no special recollection that the plaintiff said that he would agree to what the rest said, but did recollect that all who were present, either assented to the trustees taking possession at once, or else said when they left that they would agree to what

the rest did, except McKeon. The plaintiff then admitted that an attachment was issued by Daniel Chisholm against Henry Bloomenour and laid in the hands of the trustees as garnishees on the 23rd of February, 1875, a few moments after they took possession of the property aforesaid.

*Exception.*— The plaintiff offered the following prayers.

1. That if the jury find from the evidence in this cause, that prior to the 11th of February, 1875, Henry Bloomenour was indebted to the plaintiff in this case in the sum of $694, and if they further find that on the 11th of February, 1875, the said Henry Bloomenour and Ann Bloomenour, his wife, executed to the said Price and Little the deed of trust offered in evidence by the defendants in this case; and if they further find that under and by virtue of said deed, the said Price and Little took possession of property of said Bloomenour, intended to be conveyed thereby, and that said Price and Little sold and disposed of said property and converted the same into money, and that at the time of the laying of the attachment in this case, the said Price and Little had in their possession funds arising from sales of the said property of the said Bloomenour, sufficient to satisfy the claim made in the attachment of the plaintiff, and all other attachments which were laid in the hands of said Price and Little on the credits of said Bloomenour, prior to this attachment, then the jury are instructed that the aforesaid deed vests no title to the aforesaid funds in Price and Little, as trustees, and is no bar to the recovery of the plaintiff in this case.

2. If the jury believe the facts set out in the foregoing prayer, then they are instructed that the said deed is no bar to the recovery of the plaintiff, even if they further find that after the execution of said deed the said Bloomenour violated some of the conditions of said deed, and that thereupon the defendants took possession of the store goods of said Bloomenour, and refused to allow him to further conduct said business.

The garnishees offered the four following prayers :

1. That if the jury find from the evidence in the cause that the deed of trust of the 11th February, 1875, offered in evidence, was executed and delivered to the grantees therein, and by the latter accepted, and that the attachment was issued by the plaintiff after the execution, delivery and acceptance of said deed, and that the funds attached in the hands of the garnishees were entirely the proceeds of sales of property made by them, as trustees under said deed, then the plaintiff is not entitled to recover in this case.

2. That if the jury find the facts stated in the first prayer, and shall further find that shortly after the date of said deed, to wit, on the 23rd of February, 1875, it appeared to the said trustees that said Bloomenour was not taking that care of the property and showing that willingness to carry out the conditions and payments in said deed mentioned, so as to accomplish the design and object of said deed, and that said trustees thereupon took possession of all said property before the expiration of thirty days from the date of said deed, and sold the same as provided in said deed, then the plaintiff is not entitled to recover.

3. That if the jury find the facts in the first prayer, and that on the 23rd of February, 1875, one of the creditors of the said Bloomenour issued an attachment against him and levied the same upon a part of the property, rights and credits set out in said deed, and that said trustees thereupon disposed of the said property for the best interests of all concerned, and that the funds in the hands of the garnishees are the proceeds of the said property, then the plaintiff cannot recover in this case.

4. That if the jury find the facts stated in their first prayer, and that on the 23rd of February, 1875, it appeared to said trustees, that said Bloomenour was not taking that care of the property and showing that willing-

ness to carry out the conditions and payments in said deed mentioned, so as to accomplish the design and object of said deed, and that the said trustees communicated these facts to the creditors of said Bloomenour, at a meeting of them held on said day, and that said plaintiff was present at said meeting, and with other creditors directed and agreed that said trustees should immediately take possession of all said property, and proceed to dispose of the same under said deed of trust, and that said trustees immediately upon being so directed, did take possession of and proceed to sell said property, and that the funds attached in the hands of said garnishees were entirely the proceeds of sales of property made by them as trustees, then the plaintiff is not entitled to recover.

The Court, (PEARRE, J.,) granted the prayers of the plaintiff and refused those of the garnishees. The garnishees excepted, and the judgment being against them, they appealed.

The cause was submitted to BARTOL, C. J., BOWIE, STEWART and ALVEY, J.

No appearance for the appellants.

*Wm. Brace, A. Hunter Boyd* and *B. A. Richmond,* for the appellee.

STEWART, J., delivered the opinion of the Court.

The deed reliedupon by the appellants by its terms and provisions, is evidently a mere contrivance on the part of the grantor, Bloomenour, to hinder and delay his creditors, and as to them void under the Statute of 13 Eliz., ch. 5.

It does not profess to convey all his real estate to the trustees.

However the fact may be, no terms to that effect are employed.

It provides for the retention by the grantor of all his real estate and household goods—the rents of the real estate, if any, to be handed over to the trustees.

At his option he can rent the property, and pay over any rent collected; or he may retain it himself, and pay no rent.   It also provides for the grantor to remain in possession of his store room and stock of goods, with authority reserved to him to sell the goods for cash, until reduced to at least two thousand dollars less in value ; after which he is to go on with the business under the direction of the trustees.

The deed confers no authority upon the trustees to make sale of any of the property so long as he may carry on the business under the proposed arrangement, to their satisfaction.

The practical arrangement contemplated by the provisions of the deed, is, by virtue of its authority, to enable Bloomenour to continue his business of merchandising, without interference on the part of his creditors, until the debts are all paid in the manner indicated by him in the deed.   If a bold scheme like this, to hinder and delay his creditors, and to make their rights of enforcing payment of their claims subordinate to the mode and process of payment, provided by the debtor, and grantor in the deed, is not in palpable and unquestionable violation of the provisions of the Statute of Elizabeth, and absolutely void as to his creditors, it is difficult to define what would be. No debtor has a right thus to prescribe terms to his creditors, and to interfere according to his own fancy with the appropriate collection of their debts.

The Statute of 13th Elizabeth, ch. 5, has been in operation more than three hundred years, having been enacted A. D. 1570, and perhaps since its existence, no case has been presented to any Court in England, or this country, more grossly and clearly repugnant to its provisions.

The very first case under this law, that of Twyne, a creditor of one Pierce, who purchased all his debtor's property, in satisfaction of his claim, but permitted him to remain in possession, settled one of the questions involved here, to wit: that the retention of the property by the debtor, was an unmistakable badge of fraud, sufficient in itself to avoid the sale.

The slightest comparison of this deed, with the provisions of the law, is sufficient to show its total invalidity so far as it undertakes to affect the claims of creditors.

The deed being void, *per se*, the conditions provided for therein, in regard to the trustees taking possession upon Bloomenour's violation of the arrangement, cannot impart to it any validity.

The contingent provisions are in truth, additional objections. See *Green & Trammel vs. Trieber*, 3 *Md.*, 11; *American Exchange Bank vs. Inloes*, 7 *Md.*, 380; *Malcolm vs. Hodges*, 8 *Md.*, 418; *Barnitz vs. Rice*, 14 *Md.*, 24; *Blondheim vs. Moore*, 11 *Md.*, 376; *Bridges vs. Hindes*, 16 *Md.*, 101; *Whedbee vs. Stewart*, 40 *Md.*, 414.

But reference to authorities would seem to be unnecessary, as we have been referred to none to sustain the deed in question.

The Circuit Court committed no error in the granting of the plaintiff's and in the rejection of the defendants' prayers.

*Judgment affirmed.*

(Decided 12th May, 1876.)