## CHAPMAN v. EMERSON et al.

(Circuit Court of Appeals, Fourth Circuit. October 20, 1925.)

No. 2345.

1. **Bankruptcy** ⚖️172—**Assignment of accounts due before institution of bankruptcy proceedings gives assignee preferential rights as against trustee in bankruptcy.**

In absence of statute, bankrupt's assignment, some months before institution of bankruptcy proceedings, of accounts due, is effective to pass ownership of such accounts, and gives assignee preferential rights to proceeds when collected by trustee in bankruptcy or bankrupt receiver.

2. **Bankruptcy** ⚖️178(1)—**Assignment, before bankruptcy, of accounts by which bankrupt retained unfettered dominion, is fraudulent and void.**

If bankrupt's assignment of accounts due it before institution of bankruptcy proceedings was such that it actually retained unfettered dominion over assigned accounts and their proceeds, assignment was in law fraudulent and void as against trustee in bankruptcy.

3. **Bankruptcy** ⚖️178(1)—**Bankrupt's assignments before bankruptcy of accounts due held not fraudulent or void.**

Bankrupt's assignment, some months before institution of bankruptcy proceedings against it, of accounts due, *held* not fraudulent or void, though representative of assignee was active officer of bankrupt, and though substitution of new accounts for assigned accounts collected by bankrupt was shown.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

In the matter of the bankruptcy of the Spanish American Cork Products Company. From an order determining validity of assignment of accounts to Harrington Emerson and others, R. Bayly Chapman, trustee in bankruptcy, appeals. Affirmed.

Myer Rosenbush, Joseph Bernstein, and Rosenbush & Bernstein, all of Baltimore, Md., for appellant.

E. P. Keech, Jr., of Baltimore, Md., and G. C. R. Anderson, for appellees.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. This is a controversy between the appellant, as trustee in bankruptcy of a corporation, and the appellees, as to their relative rights to the proceeds of certain accounts due the bankrupt, and, since the filing of the petition in bankruptcy, collected by its receiver or trustee.

[1, 2] The appellees claim under an assignment made by the bankrupt some months before the institution of the proceedings against it. Upon the face of the agreement between them, the bankrupt assigned all of its accounts, with some unimportant exceptions, to the appellees who upon such assignment advanced to the bankrupt in cash 80 per cent. of their face value. The accounts were to be collected by the bankrupt and the proceeds paid over to the agent of the appellees. In the absence of any Maryland statute on the subject, such an agreement was effective to pass to the appellees the ownership of the accounts assigned and to give to them as against the appellant preferential rights to the proceeds collected by him or by his predecessor, the bankrupt receiver. Greey v. Dockendorff, 231 U. S. 513, 34 S. Ct. 166, 58 L. Ed. 339. The appellant contends, however, that no matter in what words the agreement was couched, the actual arrangement between the bank-

rupt and the appellees as shown by what they did was such that the bankrupt retained unfettered dominion over the nominally assigned accounts and their proceeds. If so, the assignment was in law fraudulent and void. Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991.

[3] The same individual was a representative of the appellees and an active officer of the bankrupt. When the latter collected assigned accounts, it did not always turn over the proceeds to the appellees. In fact, it usually replaced the collected accounts by others of later date. In some instances, it is probable that not even so much was done. The relations between the bankrupt and the appellees were such that what they did was more significant than what they said they were going to do. The referee and the learned District Judge were right in critically scrutinizing their transactions. In the result, however, they united in the conclusion that the assignment was made in good faith for present consideration, and that, although the appellees had not always insisted on the full measure of their rights, they had never intended to surrender, and had not in fact surrendered, to the bankrupt anything approaching "unfettered dominion" over the accounts or their proceeds.

The case is close, but we see no sufficient reason to differ with the conclusion reached below.

Affirmed.

Judge WOODS died before the above opinion was prepared.