**UNION TRUST CO. OF MARYLAND v. PECK (two cases).**

**In re ALMOND-JONES CO., Inc.**

(Circuit Court of Appeals, Fourth Circuit. January 11, 1927.)

Nos. 2534, 2549.

**1. Bankruptcy ⟨⟩440—Controversy respecting validity of bankrupt's assignment of accounts receivable held reviewable by appeal, and not by petition to revise.**

Controversy between bankruptcy trustee and bank relating to validity of bankrupt's assignment of accounts receivable to bank *held* controversy arising in bankruptcy proceeding, reveiwable by appeal, and not by petition to revise.

**2. Bankruptcy ⟨⟩178(1)—Bankrupt's assignment, before insolvency, of accounts receivable, under which proceeds were deposited in bank holding assignment, with right in bankrupt to withdraw funds, held invalid.**

Assignment of accounts receivable by bankrupt to bank before insolvency, under which accounts were collected by bankrupt and proceeds deposited in bank subject to withdrawal, but with agreement that bank might apply proceeds on debt at any time, *held* invalid.

**3. Bankruptcy ⟨⟩166(3)—Bank cannot set off bankrupt's debt to it against deposits made with bank's knowledge of insolvency.**

Though right of bank to set off deposits of bankrupt against debt exists when deposits are made in usual course of business, it does not exist where deposits are made so that bank may apply them to reduction of indebtedness with knowledge of bank of insolvency, and when bankrupt and other creditors are negotiating for reorganization by creditors taking less than is due them.

**4. Bankruptcy ⟨⟩188(1)—Bankruptcy trustee cannot object that bankrupt corporation's loan notes to bank claiming lien on deposit did not comply with by-laws, where corporation had use of money and no stockholder objected.**

As respects validity of bank's lien on bankrupt's deposit, where money borrowed from bank on bankrupt corporation's notes went to use of bankrupt, and stockholders made no objection that money was not loaned to bankrupt, bankruptcy trustee cannot object that notes were not given in manner required by corporation's by-laws.

**5. Bankruptcy ⟨⟩166(3)—Bankrupt's assignment of accounts after known insolvency held valid.**

Assignment of accounts by bankrupt after known insolvency, as security for loans, made under such circumstances that both parties must have understood that proceeds were to be delivered to assignee, *held* valid.

On Cross-Petitions to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the District of Maryland, at Baltimore. In Bankruptcy; Morris A. Soper, Judge.

Cross-Appeals from the District Court of the United States for the District of Maryland, at Baltimore. In Bankruptcy; Morris A. Soper, Judge.

In the matter of the bankruptcy of the Almond-Jones Company, Inc. The District Court rendered a decree (13 F.[2d] 152) directing the Union Trust Company of Maryland to make certain payments to Chapman A. Peck, trustee in bankruptcy, and the Union Trust Company and bankruptcy trustee both appeal, and petition to superintend and revise. Decree affirmed, and cross-petitions to superintend and revise dismissed.

Walter H. Buck, of Baltimore, Md., for petitioner and appellant.

Carl R. McKenrick and G. Ridgely Sappington, both of Baltimore, Md. (James J. Carmody and Charles G. Baldwin, both of Baltimore, Md., on the brief), for respondent and appellee.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

ROSE, Circuit Judge. The facts out of which this case grows need not be recounted here, as they are fully set forth in the opin-

ion of the District Court. In re Almond-Jones Co., Inc., 13 F.(2d) 152. We shall follow that opinion in referring to the Union Trust Company, the petitioner and appellant, as the bank, and the Almond-Jones Company, Inc., as the bankrupt. In accordance with the purpose stated in the opinion, there was a subsequent reference to a special master. The report of the latter, which was duly confirmed by the decree from which this appeal was taken, required the bank to—

| | | |
|---|---:|---:|
| Pay to the trustee the sum of ............. | | $16,381.42 |
| This amount was arrived at by adding to the sum total of the three items of ........... | | $ 5,000.00 |
| | | 7,500.00 |
| | | 2,001.02 |
| Specially discussed in the opinion the difference between the total amount collected by the bank from the assigned accounts of the bankrupt, that is to say ................ | | $ 3,737.28 |
| And the amount recovered from such of these accounts as were included in the assignments of December 11th and December 18th ............... | 1,062.87 | 2,674.41 |
| | | $17,175.43 |
| And deducting therefrom the amount....... In the bank on November 19th, 1925, which the bank might then or thereafter, as the opinion stated, have lawfully applied to its use, and which it must be assumed formed part of the sum subsequently so applied, leaving a balance due by the bank as before stated | | 794.01 |
| | | $16,381.42 |

The decree further directed that the future collections covered by the assignments of December 11th and 18th should go to the bank; those from the earlier assignments to the trustee.

[1] Both sides were dissatisfied with the decree below, and both have sought review here. Each of them was apparently in doubt as to whether the appropriate way of taking up controversy was by petition to superintend and revise or by appeal, and each of them has tried both. It seems to us that the differences between them grew out of controversies arising in bankruptcy proceedings rather than directly out of such proceedings themselves. It follows that the petition to superintend and revise and the cross-petition must be dismissed.

[2] Passing to the consideration of the appeal, we find ourselves in agreement with the learned District Judge that the assignment of accounts of November 1, 1925 was invalid, and we need add little to what he said upon that part of the case. We are at one with him that the instant case is distinguishable from Chapman v. Emerson (C. C. A.) 8 F.(2d) 353. The latter was on the border line, as our opinion in it clearly pointed out. It went as far as we think we can properly go. It is not, in our view, subject to the interpretation the learned counsel for the bank thinks should be given to it. If it were, we should not feel ourselves justified in following it. In that case we assumed, without discussion, that it was well settled that the law of Maryland, like that of New York, would not sustain assignments under which the nominal assignee retained unfettered dominion over the property which he professed to assign, and that the things the assignee and assignor did were more significant than what they said they were going to do. We think that assumption was amply justified by many Maryland cases. Among them was Price & Little v. Pitzer, 44 Md. 521 and our own decision in Grimes v. Clark, 234 F. 604.

[3] We are also in agreement with him that the trustee is entitled to recover from the bank the three sums of $5,000, $7,500 and $2,001.02, respectively, subsequently taken from the bankrupt's deposits by the bank. His reasoning on the subject seems to us to be sound. It is, moreover, to be noted that, before and at the time the bank applied these amounts to its own use, it, the bankrupt and the other creditors were conferring as to the possibility of keeping the bankrupt upon its feet as a going concern by securing the general acceptance of a scheme of reorganization which contemplated the creditors taking less than was due them. Under such circumstances the deposit by the bankrupt of large sums in the bank, which both it and the bankrupt intended should be used for the reduction of the former's debt, were obviously not made in ordinary course, in any fair sense of that phrase. Most men would feel that it is an implied term of such negotiations that during their pendency nobody taking part in them shall do anything to secure preferential rights in or over any assets of the bankrupt which did not belong to it when the conferences began, or upon which

it did not then have a prior lien. It follows that so much of the decree below as is challenged by the bank was right, and must be affirmed.

[4] Did the court below err to the hurt of the trustee, as by his cross-appeal he says it did? He says that authority for the execution of the notes of the bankrupt held by the bank had not been given in the manner required by its by-laws, a copy of which had been lodged with the bank. From this premise he argues that they were not the obligations of the bankrupt, and that the bank did not, as their holder, have any lien upon its deposits. This contention is obviously an afterthought. Before the bankruptcy it had occurred neither to the bank nor to the bankrupt. No stockholder of the latter now raises the point, and during the period in which notes were continually being given or renewed no one as much as suggested that the bank was not lending to the bankrupt. The money borrowed on the notes admittedly went to the use of the latter. We do not think it necessary to follow the learned counsel for the trustee into the discussion of legal principles which to us do not seem relevant to the conditions disclosed by the record.

[5] We think that the court did not err, as the trustee says it did, in the way it dealt with the advances made by the bank on December 11th and December 15th, aggregating $2,095, and secured by assignments of accounts footing up $2,057.44. Under the peculiar circumstances, the objection to their validity now made rests upon a narrow basis. If the money which the bank advanced upon them had been lent without security of any kind, it would be entitled to credit it against the $5,000 which it took on December 5th and is now required to return. Bankruptcy Act, § 60c (Comp. St. § 9644).

The trustee says that such assignments were void, and that the bank is no better off than if it had not taken them. The question whether the acceptance of them put it in a worse position than it would have been, had they not been made, was not argued before us. We intimate no opinion upon it, as we are satisfied with the grounds which Judge Soper assigned for his conclusion. It follows that none of the errors relied on by the cross-appellant can be sustained.

In No. 2534 the petition and the cross-petition are dismissed.

In No. 2549, as against both appellant and cross-appellant, the decree is affirmed.

Case No. 2534: Petitions dismissed.

Case No. 2549: Affirmed.