## In re HELFENBEIN.
### No. 9194.

District Court, D. Maryland.
March 13, 1940.

Joseph S. Knapp, Jr., Paul R. Kach, both of Baltimore, Md., for Associated Credit Corporation.

Alexander W. Bowling, Jr., and Musgrave, Bowling & Cook, all of Baltimore, Md., for trustee.

CHESNUT, District Judge.

In the course of administration of the bankruptcy case of Chris Helfenbein, the trustee in bankruptcy prayed an order directing the Associated Credit Corporation to turn over to him as assets of the bankrupt estate the accounts receivable assigned by the bankrupt to the Credit Corporation, the proceeds of which had been collected by the latter after the bankruptcy. After hearing testimony and counsel for the parties the referee determined that the assignment was invalid with respect to the collections made after bankruptcy. The Credit Corporation now seeks a review of the consequential order of the referee.

The facts pertaining to the assignment and the practice of the assignor and assignee thereunder with respect to the disposition of collections by the bankrupt assignor have been stated by the referee in his memorandum of facts and law pertaining to the case. The facts as so stated by the referee are not here challenged by counsel for the Credit Corporation, but the referee's conclusions of law are disputed. The important and controlling fact is that the Credit Corporation, the assignee of the accounts, in practice permitted the bankrupt assignor to collect the accounts and deposit them in his general bank account and use them at will, so long as the assignor paid his current obligations on the

loans made by the Credit Corporation to the assignor as security for which the accounts were assigned. It may be assumed that the form of the assignments was entirely sufficient under the basic Maryland law (see Seymour v. Finance & Guaranty Co., 155 Md. 514, 531, 142 A. 710; Price & Little v. Pitzer, 44 Md. 521; First Nat. Bank v. Lindenstruth, 79 Md. 136, 28 A. 807, 47 Am.St.Rep. 366; Grimes v. Clark, 4 Cir. 234 F. 604) to place good title in the Credit Corporation. But that is not conclusive because, as was said by Judge Rose, speaking for the Court of Appeals of this Circuit in Union Trust Co. of Maryland v. Peck, 16 F.2d 986, 987— "The things the assignee and assignor did were more significant than what they said they were going to do."

Where the assignment is in form sufficient to pass title as in this case, the assignee is of course clothed with ample authority to make collection of the accounts, at least after notice to the debtors; and if the assignee does in fact make the collections, it is not questioned that he is entitled to retain them in accordance with the provisions of the assignment and the contract between the assignor and the assignee. Nor will the arrangement be invalid merely because the assignee constitutes the assignor his agent to make the collections for him; but the assignee must not intentionally or customarily permit the assignor in that case to collect and use the accounts without turning them over to the assignee to be credited on the indebtedness. If the assignor is so permitted to use the proceeds of the collections, it is considered as a matter of law that the arrangement between the parties is such that the assignor is allowed unfettered dominion and control over the accounts, despite the form of the assignment to the contrary; and in such case the transaction is regarded as in fraud of creditors. This is the principle authoritatively announced in bankruptcy cases by Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991. Since this decision there have been very many illustrative cases decided by the federal bankruptcy courts. Of course the problem in each has been to properly apply the principle to the facts of the particular case; and as the facts of cases vary, naturally the results vary.

It was not disputed by counsel for the Credit Corporation at the hearing on this petition to review that under the facts of this particular case the trend of federal decisions is adverse to his contention; but he undertakes to maintain that two decisions in this Circuit (Chapman v. Emerson, 8 F.2d 353; Parker v. Meyer, 37 F. 2d 556, 557, and particularly the latter) sustain his contention. Both these cases and others in this Circuit and District have been reviewed by the referee in a clear and convincing opinion stating his conclusions on the question of law and distinguishing these two cases from the present case. After careful review of the referee's discussion of the matter and personal examination of the cases cited, I am of the opinion that the referee has correctly appraised the cases in this Circuit and has reached the right conclusion on the law of the case. It is true that there are some similarities in this case to Chapman v. Emerson, supra, and Parker v. Meyer, supra, but there is also a distinction on the facts in this case that the bankrupt assignor was permitted by the assignee habitually to use the collections at will. With regard to Chapman v. Emerson, supra, it is to be noted that Judge Rose, who wrote the opinion in that case, said in the later case of Union Trust Co. of Maryland v. Peck, 4 Cir., 16 F.2d 986, 987—"The latter was on the border line, as our opinion in it clearly pointed out. It went as far as we think we can properly go. It is not, in our view, subject to the interpretation the learned counsel for the bank thinks should be given to it. If it were, we should not feel ourselves justified in following it."

Parker v. Meyer, supra, was a per curiam opinion adopting the opinion of the district judge. It is true that the facts as stated in his opinion indicate that the assignor was currently permitted for short periods of time to use the proceeds of collections but he was required to account for and pay over all of them at sixty-day intervals. Union Trust Co. of Maryland v. Peck, supra, is seemingly closer on the facts to this case and it has been very recently cited with approval, along with Parker v. Meyer, supra, by Judge Soper for the Circuit Court of Appeals in Lone Star Cement Corp. v. Swartwout, 4 Cir., 93 F. 2d 767, 770. See, also, the discussion In re Fergusson Drug Co. by Judge Maris, when district judge in the Third Circuit, D. C., 19 F.Supp. 206, 211, which latter case is also cited by Judge Soper in Lone Star Cement Corp. v. Swartwout, 93 F.2d at page 770.

The practice of financing by assigned accounts is now very widespread. It is of advantage to a merchant or manufacturer with insufficient capital, and naturally is also frequently practiced by persons or corporations in precarious or failing financial condition. · In the latter case, in the event of bankruptcy, unsecured creditors often find that the principal assets of the bankrupt which otherwise would be readily reducible to cash have been pledged and withdrawn from the general assets of the bankrupt. The practice as to unsecured creditors has the disadvantage of the secret lien because recording statutes which affect mortgages and conditional sales of tangible property are generally held inapplicable to intangibles. Glenn on Fraudulent Conveyances, § 401. The doctrine of Benedict v. Ratner, supra, is of some assistance to the unsecured creditors in that it at least requires the assignee to exercise care to see that collections are applied on account of the debt; but in practice the finance companies protect themselves, under the majority of existing decisions, by some careful arrangement under which from time to time collections made are deposited to their account and new loans made to the assignor secured by new assigned accounts, or by substitution of new assigned accounts for old ones, thus in effect creating a revolving fund or floating charge. See Manufacturers Finance Co. v. Armstrong, 4 Cir., 78 F.2d 289, 291, 292.

The whole subject has been much discussed in the law journals. 44 Yale Law Journal, 639 (1935); Vol. 22, Marquette Law Journal, 28 (1937); Vol. 11, Washington Law Review, 134, 181 (1936). It has been suggested that the Uniform Fraudulent Conveyances Act, which is in force in Maryland (Code, Art. 39B) may have been intended to obviate the doctrine of Benedict v. Ratner, supra (see 11 Washington Law Review, 147). Cases in this circuit do not seem to have considered that point and it was expressly discountenanced by the Second Circuit in Lee v. State Bank & Trust Co., 54 F.2d 518, 520, 85 A.L.R. 216; Irving Trust Co. v. Finance Service Co., 63 F.2d 694. The above-cited law articles discuss, among others, a number of cases in this Circuit, but apparently Parker v. Meyer, supra, has not attracted particular attention.

I accordingly conclude that the referee's order should be and it is hereby affirmed.